## Burd v. Rosenberg

*David Kubert*, for plaintiff.
*Howard Wallner*, for defendants.

WEINROTT, J., May 3, 1957.—Plaintiff's action in equity for the recovery of damages allegedly growing out of certain fraudulent representations, with respect to the sale of stock by defendant to plaintiff and his assignor was commenced by a writ of foreign attachment against defendant and several garnishees. Only garnishee Dash failed or neglected to file a re-

port of garnishee as required by Pa. R. C. P. 1266(a). Plaintiff then entered judgment by default against defendant and also against the said garnishee for failure to file the required report. In acordance with the procedural rules, damages were assessed against defendant in the sum of $89,760, and against the garnishee for $88,000.

About two months after judgment was entered against garnishee Dash, he filed the petition to open judgment and rule thereon, which now brings this matter before this court. Garnishee Dash in a petition, executed and filed by his attorney, to open the judgment, asserts the death of the attorney's mother, and a period of mourning thereafter, as the reasons for the failure to file the report prior to plaintiff's entry of judgment by default. He contends that after judgment he could not file the report because this course was unavailable so long as the judgment remained in effect. We do not condone tardiness or delay in the filing time prescribed by the procedural rules.

In this case is appears that garnishee Dash is the obligor in a mortgage in favor of a person by the same or similar name to defendant in this action. This mortgage was for the principal sum of $5,000. We would deem it a gross inequity to permit plaintiff to execute on a judgment of $88,000, obtained by default against garnishee Dash for his failure to file the report, which report apparently would show property of the value of only $5,000 in the possession of the said garnishee.

We are inclined, therefore, to permit the filing of a limited garnishee's report solely for the purpose of determining the precise amount due by Dash on said mortgage at the time judgment was entered against him by plaintiff. This report may set forth the amount due on the mortgage at time of said judgment and, also, any other property of defendant held by garnishee Dash. The said garinshee shall not be permitted to

raise any issue as to the identity of the mortgagee or any other defense in the report.

There is to be reserved unto plaintiff the right to proceed by oral examination under Pa. R. C. P. 1266(*b*) to inquire into the issue as to the amount due on the mortgage, and whether Dash holds any other property of defendant. We would discharge at this time the rule to open judgment filed by this garnishee. However, judgment and execution thereon shall be limited to the amount ascertained to be due on the mortgage at the time of the judgment against the garnishee, and to any other property of defendant held by Dash.

We wish to note, because of the nature of proposed preliminary objections and proposed garnishee's report presented by the garnishee, that the garnishee has neither the obligation nor the authority to represent defendant upon the issue of the defense of the action on the merits of the claim by plaintiff against defendant. This is the primary responsibility of defendant, and the defense of the action on the merits by the garnishee is prohibited. The new procedural rules, relating to the writ of foreign attachment, make clear the distinction between defense of the action and resisting the attachment, and when read in conjunction with the prohibition contained in Pa. R. C. P. 1275(*b*), indicate that the defense of the action on the merits by the garnishee is forbidden. See Goodrich-Amram Procedural Rules Service, p. 153, §1268(*a*)-2. To permit a defense on the merits by a garnishee would create an artifice by means of which defendant could contest the action without subjecting himself to the jurisdiction in personam of the court. After judgment against defendant, the garnishee may no longer resist the attachment by preliminary objections. His sole remaining course of resistance is on the trial of the issue raised by the interrogatories under Pa. R. C. P. 1275(*a*).

*Order*

And now, to wit, this May 3, 1957, garnishee, Jacob Dash, is permitted to file, within 15 days from date, a garnishee's report as limited by the opinion herein, and plaintiff may thereafter proced in a manner not inconsistent with this opinion.

The petition of garnishee, Jacob Dash, to open judgment is dismissed and the rule thereon is discharged.